KENNETH ELLIOTT KNOWLES *vs.* HAROLD V. LANGLOIS, *Warden.*

MARCH 31, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition for a writ of habeas corpus directed to the warden of the adult correctional institutions where the petitioner is presently confined pursuant to two sentences imposed by a justice of the superior court after the petitioner had pleaded nolo contendere to two indictments, one for burglary and the other for carrying a concealed weapon. The petition alleges that the sentences are null and void because at the time they were imposed the trial justice did not have before him a current presentence report as provided by general laws 1956, §12-19-6.

The petitioner was sentenced on February 10, 1959. At that time the trial justice had before him a presentence report dated October 16, 1958 which he had used on November 7, 1958 when he sentenced petitioner for violating two deferred sentences previously imposed. The petitioner concedes that this report was generally correct, but he contends it was not complete since it did not recite a new incident which had occurred after October 16, 1958. This incident was the failure of the Kent county grand jury to return an indictment against him for breaking and entering in the nighttime, on which charge he had been bound over to the grand jury and reference to which binding over was made in the presentence report.

As we understand petitioner, the fact that a new presentence report containing a statement to such effect was not presented to the trial justice before he imposed the sentences on February 10, 1959 constituted a failure to com-

ply with G. L. 1956, §12-19-6, and rendered such sentences null and void. He contends that those provisions are mandatory and if not literally complied with a defendant is deprived of due process of law within the intendment of article I, sec. 10, of the constitution of this state and of the due process clause of article XIV of amendments to the constitution of the United States.

After carefully considering the unrestricted power of the superior court to sentence and the reasonable intendment of the language of §12-19-6 consistent with such power, we are of the opinion that there is no merit in petitioner's contentions. That section reads as follows, "Presentence reports.—Whenever an accused has been found guilty after trial or shall plead guilty or nolo contendere on any charge for which a sentence of more than one (1) year may be imposed, the court shall, before imposing sentence, have presented to him by the administrator of probation and parole a presentence report, which report shall show that inquiry has been made into the circumstances of the offense, the attitude of the complainant or victim, and of the victim's family where possible, in cases of homicide, and the criminal record, social history and present condition of the defendant and any other pertinent information or recommendations *as may be helpful in aiding the court in its consideration of the sentence to be imposed.* All local and state police agencies shall furnish to the administrator of probation and parole such criminal records as the administrator may request." (italics ours)

The portion which we have italicized clearly indicates if it does not expressly state that the sole purpose of the section is to aid the court in the exercise of its exclusive power to sentence and not to restrict or limit such power. On no reasonable view of its language does it submit to the construction for which petitioner contends, namely, that it confers a new right in his favor in the nature of due process.

448

In the present instance the trial justice found that he had before him in the presentence report of October 16, 1958 all the information concerning the defendant, petitioner here, that he needed to exercise his discretion in imposing sentence. Such report contained no misrepresentation, and the fact that it did not contain the statement of the grand jury's failure to indict on the breaking and entering charge did not in any true sense serve to make it misleading as an aid to the trial justice in determining how light or severe a sentence to impose. As it was, said defendant was not prejudiced by the extent of the sentences which were meted out to him. The maximum sentence for burglary is life; the trial justice imposed only twelve years. And while he imposed two years for the offense of carrying a concealed weapon, he ordered such sentence to run concurrently.

The record shows that the trial justice fully understood all the relevant circumstances surrounding said defendant's career as well as his physical condition, and that he must have taken these into consideration before imposing sentence. In this respect we think his case bears no resemblance to *State* v. *Wingler,* 25 N. J. 161, and *Townsend* v. *Burke,* 334 U. S. 736, upon which he relies in support of his contention that the sentences imposed upon him are invalid.

As we view the record, it appears to us that there has been a substantial compliance with the provisions of G. L. 1956, §12-19-6, even on the assumption that such provisions confer a mandatory right in favor of the petitioner. In any event, therefore, the sentences pursuant to which he is confined are valid and not in violation of the constitutional rights upon which he relies as the bases of his petition.

The petition is denied and dismissed, the writ of habeas corpus heretofore issued is quashed, and the petitioner is remanded to the custody of the respondent.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Francis J. Fazzano,* Assistant Attorney General, for respondent.